Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| **JOSÉ A. MÉNDEZ**<br><br>Recurrente<br><br>v.<br><br>**DEPARTAMENTO DE CORRECCIÓN Y REHABILITACION**<br><br>Recurrida | KLRA202500069 | **REVISIÓN ADMINISTRATIVA** procedente de la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación<br><br>CASO:<br>**ICG-1086-2024**<br><br>Sobre: **SERVICIO DE ÁREA MÉDICA** |

Panel integrado por su presidenta la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera[1]

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de marzo de 2025.

El recurrente José A Méndez se encuentra confinado y comparece por derecho propio. El confinado solicita que revisemos una Resolución emitida por la División de Remedios Administrativo del Departamento de Corrección y Rehabilitación.

El 30 de septiembre de 2024 el recurrente presentó una Solicitud de Remedios Administrativos. El confinado alegó que lo llevaron a Centro Médico por una lesión en el tobillo izquierdo y que el médico que lo atendió le recetó Neurontin y antinflamatorios. No obstante, adujo que cuando regresó a la institución no le entregaron la receta de esos medicamentos.

La División de Remedios Administrativos le contestó lo siguiente:

El 7 de octubre de 2024 usted fue entrevistado en el Servicio de Récord Médico y se le notificó que **dentro del expediente clínico no contaba receta recibida del Centro Médico Rio Piedras**, si un resumen clínico. De igual forma se le notificó que como su reclamación iba a ser una legal por medio de su abogado debe realizar solicitud de copia de los

---
[1]

documentos de esa institución al Departamento de Récord Médico.

En nuestra conversación usted solicitó copia de todas aquellas recetas contenidas dentro de su expediente para el año 2018, en específico las de Neurontin. **Para esto accedió a firmar la autorización para esta solicitud de copias.**

El recurrente solicitó reconsideración. El confinado alegó nuevamente que el ortopeda que lo atendió en Centro Médico le recetó antinflamatorios y Neurontin 600, tres veces al día. El recurrente adujo que no recibió atención médica en la institución donde se encuentra confinado y que no le pueden cambiar los medicamentos.

El 10 de enero de 2025 el Departamento de Corrección emitió la resolución recurrida. La agencia incluyó en sus determinaciones de hecho el contenido de la querella y el trámite procesal seguido hasta la presentación de la solicitud de reconsideración. El Departamento de Corrección determinó que el Dr. Pablo Laureado atendió al confinado en Centro Médico. Según la agencia el Dr. Laureano está autorizado a ordenar y transcribir recetas del medicamento Gabapentin a condición de que cumplan las indicaciones. No obstante, hizo constar que el recurrente fue examinado en la institución a su regreso de Centro Médico y se encontró que sufrió una torcedura sin daños mayores. La agencia advirtió que al confinado se le recetó Motrín (800) y que para continuar utilizando Gabapentin tenía que ser evaluado por un fisiatra de Physician Correctional. El confinado fue informado que estaba en la lista para ser visto por el fisiatra y que próximamente iba a ser citado. Por último, fue advertido de la importancia de presentarse a las citas.

Inconforme el recurrente presentó este recurso en el que cuestiona que el Departamento de Corrección se niegue a despacharle una receta del medicamento Gabapentin.

I.

La revisión judicial permite a los tribunales garantizar que las agencias administrativas actúen dentro del marco de las facultades que le fueron delegadas. A través de la revisión judicial los tribunales pueden constatar que los organismos administrativos cumplan con los mandatos constitucionales que rigen su función y en especial con el debido proceso de ley. Su propósito es proveerle a la ciudadanía un foro al cual recurrir para vindicar sus derechos y obtener un remedio frente a las actuaciones arbitrarias de las agencias. La revisión judicial constituye el recurso exclusivo para revisar los méritos de las decisiones administrativas adjudicativas o informales. *Capote Rivera v Voili Voila Corporation* 2024 TSPR 29.

Los tribunales sostendrán las determinaciones de hechos de una agencia si están basadas en la evidencia sustancial que obra en el expediente administrativo considerado en su totalidad. La evidencia sustancial es aquella pertinente que una mente razonable puede aceptar como adecuada para sostener una conclusión. La parte que alega ausencia de evidencia sustancial no puede descansar en meras alegaciones, porque tiene que presentar prueba suficiente para derrotar esa presunción. Dicha parte tiene que demostrar que en el expediente existe otra prueba que reduce o menoscaba el valor probatorio de la impugnada. El tribunal tiene que quedar convencido de que es imposible concluir que la determinación de la agencia fue razonable, conforme a la totalidad de la prueba ante su consideración. Cuando la impugnación de las determinaciones de hecho está basada en la prueba oral y en la credibilidad que le dio la agencia, es imprescindible traer a la consideración del foro revisor la transcripción de la vista celebrada a una exposición narrativa de la prueba. *Graciani Rodríguez v Garage Isla Verde* 202 DPR 117, 127-129 (2019).

La sección 4.5 de la Ley 38-2017, 3 LPRA sección 9675 autoriza expresamente a los tribunales a revisar en todos los aspectos las determinaciones de derecho de las agencias administrativas. Tan reciente como en *Capote Rivera v Voili Voila Corporation,* supra, el Tribunal Supremo de Puerto Rico ratificó la norma de conceder amplia deferencia a las determinaciones de las agencias administrativas debido a su pericia. Según resolvió (1) las determinaciones de los organismos administrativos están revestidas de una presunción de regularidad y corrección debido a su vasta experiencia y conocimiento especializado, (2) el criterio de la agencia solo puede sustituirse cuando no existe una base racional para explicar su decisión y (3) la deferencia solo cede cuando (a) la decisión no está basada en evidencia sustancial, (b) el organismo administrativo erró en la aplicación o interpretación de las leyes o reglamentos, (c) ha mediado una actuación arbitraria, irrazonable o ilegal o (d) la actuación administrativa lesiona derechos constitucionales fundamentales.

## II

El Departamento de Corrección actuó correctamente. La resolución recurrida está basada en la evidencia sustancial que forma parte de la totalidad del expediente administrativo. El confinado no demostró que en el récord de la agencia existe otra evidencia sustancial que derrote el valor probatorio de la que sostiene la determinación del organismo administrativo. Según consta en la resolución recurrida, el Departamento de Corrección y Rehabilitación revisó el expediente médico del confinado y no encontró ninguna receta recibida de Centro Médico. Únicamente encontró un resumen clínico. No obstante, la agencia orientó al confinado a solicitar copia del expediente de esa institución en el Departamento de Récords Médicos. Por último, hizo constar que el confinado firmó una autorización para solicitar copia de todas las

recetas en su expediente médico del año 2018 y en específico de Neurontin.

El confinado solicitó reconsideración e insistió en que (1) en Centro Médico le recetaron Neurontin y antinflamatorios, (2) el Departamento de Corrección se ha negado a proveerle la receta, (3) no ha sido atendido en el área médica y (4) la agencia no le puede cambiar los medicamentos. No obstante, la agencia confirmó que el confinado fue evaluado medicamente a su regreso a la institución, se encontró que sufrió una torcedura sin daños mayores y se le recetó Motrín 800. El confinado fue orientado de que para recibir Gabapetin tenía que ser evaluado por un fisiatra y se le informó que estaba en la lista para ser atendido e iba a ser citado próximamente.

Concluimos que el Departamento de Corrección y Rehabilitación aplicó e interpretó la ley correctamente. La agencia garantizó el debido proceso de ley del confinado, porque atendió su solicitud con diligencia, lo entrevistó e hizo una investigación de su expediente médico, le advirtió su derecho a solicitar reconsideración y revisión. El Departamento de Corrección y Rehabilitación le proveyó remedios al confinado, porque le dio acceso a su expediente médico y lo refirió a un fisiatra para que determine si amerita la prescripción de los medicamentos que solicita.

III

Por los fundamentos antes expuesto se confirma la resolución recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones